FILED

2023 Oct-11  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| Jimmy Gray, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Credit Systems International, Inc., a | ) | |
| Texas corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jimmy Gray, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Jimmy Gray ("Gray"), is a resident of the State of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to Alabama Power Company.

4.      Defendant, Credit Systems International, Inc. ("CSI"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly

or indirectly, defaulted consumer debts that it did not originate. CSI operates a

nationwide defaulted debt collection business and attempts to collect debts from

consumers in virtually every state, including consumers in the State of Alabama.

5.      Defendant CSI was acting as a debt collector as to the defaulted

consumer debt it attempted to collect from Plaintiff.

6.      Defendant CSI is authorized to conduct business in Alabama, and

maintains a registered agent here, see, records from the Alabama Secretary of State,

attached at Exhibit A. In fact, Defendant conducts extensive business in Alabama.

**FACTUAL ALLEGATIONS**

7.      On January 17, 2023, Mr. Gray filed a Chapter 13 bankruptcy petition in a

matter styled In re: Gray, N.D.Ala.Bankr. No. 23-00118-TOM13. Among the debts listed

on Schedule D of Mr. Gray's Bankruptcy Petition was a debt that he owed to Alabama

Power Company, see, excerpt of Schedule D, attached as Exhibit B.

8.      Accordingly, on January 19, 2023, the creditor was sent notice of the

bankruptcy, via electronic transmission by the Bankruptcy Noticing Center, see,

Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as

Exhibit C.

9.      As a result, on January 25, 2023, the creditor filed a proof of claim in Mr.

Gray's bankruptcy. The pertinent part of the proof of claim is attached as Exhibit D.

10.     Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is

in the files of the creditor, and was readily discoverable by any competent debt collector

via one of the bankruptcy "scrub" services.

11.     Despite Mr. Gray's bankruptcy, Defendant then sent Mr. Gray a collection

letter dated September 19, 2023, demanding payment of the Alabama Power Company

debt. A copy of this collection letter is attached as Exhibit E.

12.    Accordingly, Mr. Gray had to take additional time, effort, and expense to

obtain his credit report to see if Defendant had made a negative credit report about the

debt.

13.    Moreover, Mr. Gray had to take the time, effort and expense to have his

attorney send Defendant a letter, dated October 6, 2023, demanding that Defendant

stop contacting him and to stop its collection actions. A copy of this letter is attached as

Exhibit F.

## ARTICLE III STANDING

14.    In enacting the FDCPA, Congress expressly set forth that the statute was

intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and **unfair**
> debt collection practices by many debt collectors. Abusive debt collection
> practices contribute to the number of personal bankruptcies, to marital
> instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

15.    To achieve those ends, §1692c of the FDCPA limits the way debt

collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA

prohibits a debt collector from communicating with a consumer and demanding payment

of a debt that the consumer has refused to pay, see, 15 U.S.C. § 1692(c)(c), or that is

no longer owed, for example, when the debt is subject to a bankruptcy.

16.    Moreover, to eliminate deceptive collection practices, § 1692e of the

FDCPA prohibits the use of false and/or deceptive or misleading statements in

connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the

FDCPA is rooted in the basic common law principle of fraud; for example, a debt collector may not claim that a debt, which is subject to a bankruptcy, is still directly owed by the consumer.

17.    Mr. Gray had been informed by counsel and believed that he had the right to a fresh start via bankruptcy, and a right to privacy – to be left alone about his prior debts.

18.    Defendant's collection demand, after he had filed for bankruptcy, made Plaintiff believe that the exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

19.    Defendant's collection actions resulted in a direct invasion of Mr. Gray's legally-protected right to be left alone, his right to privacy/seclusion, and his right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA, and cost him time, effort and out-of-pocket expense to try to stop, see, Walters v. Fast AC, LLC., 60 F.4th 642, 648 (11th Cir. 2023) and Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023).

20.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Subject To A Bankruptcy**

21.    Plaintiff adopts and realleges ¶¶ 1-20.

22.    Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the

character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

23.    Demanding payment of a debt that is subject to a bankruptcy,

is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see,

Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

24.    Defendant's violation of § 1692e of the FDCPA renders it liable for actual

and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

25.    Plaintiff adopts and realleges ¶¶ 1-20.

26.    Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay, see, 15 U.S.C. § 1692c(c).

27.    Here, the bankruptcy gave notice to cease communications and cease

collections (Exhibits C). By continuing to contact Mr. Gray regarding payment of this

debt by writing to him directly, Defendant violated § 1692c(c) of the FDCPA.

28.    Defendant's violation of § 1692c(c) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

### COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

29.    Plaintiff adopts and realleges ¶¶ 1-20.

30.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

31.     Defendant knew that Mr. Gray was represented by counsel in connection with this debt because of the notice of the bankruptcy (Exhibit C) and knew that it had to cease directly communicating with him. By directly writing to Mr. Gray, despite knowing that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

32.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jimmy Gray, prays that this Court:

1.     Find that Defendant's collection actions violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Gray, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jimmy Gray, demands trial by jury.

Jimmy Gray,

By: s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  October 11, 2023

6

David J. Philipps      (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Alabama 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Bradford W. Botes   (AL Bar No. 1379-O43B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com